Curia, per
Nott, J.
(After considering some minor points in the case.) But there is another view of the case, which is well worthy of consideration. The defendant offered to pay the full amount of the note, claiming a deduction to which he thought himself justly and legal *147 ly entitled, so that the only question before the court was, whether the defendant was really entitled to that deduction or not. And why may not a defendant in every case where he claims a discount or set off, tender the amount actually due, and pay it into court when the plaintiff refuses to accept, and let the event of the cause depend upon that question. If the defendant succeed, let the plaintiff take the money and pay the costs of the action; if the plaintiff prevail he will of course be entitled to costs. Such a practice is perfectly within the spirit of our discount law, which is intended to prevent a multiplicity of actions. I think it would be attended with convenient and salutary consequences, and I am not aware of any principle of law opposed to it. There is nothing more unreasonable than that a defendant who has succeeded to the whole extent of his defence, should nevertheless be subjected to the payment of costs — and that is really the whole matter in controversy now. The defendant has established his defence, and the question is, whether he shall not pay the costs, which in all probability are equal to the deduction which he has obtained. But in any event, if the jury have decided correctly with regard to the principal question, of which the court will not attempt to judge, justice has been done, and the court will not be anxious to ascertain whether there may not be some technical rule of law by which a new trial can be granted contrary to the justice of the case. But suppose a new trial should be granted upon payment of costs, nothing would be gained but another opportunity of litigating a question, which as far as we can see, has been correctly decided.

New trial refused